Smith, J.
We find the facts in this case to be as follows : On the 3rd day of January, 1880, the plaintiff was-a creditor to a large amount of the defendant George P. Brown, and was then prosecuting a suit against him on such claim, in which he recovered a judgment at the term of the common pleas court of this county, which commenced January 5th, 1880. On the said 3rd of January, 1880, George P. Brown was the owner of a lot in this city, described in the petition in this case, but was insolvent, and unable to pay his debts. He was *610 then the guardian of one William Hobby, a nephew ; and Leonard W. Brown, a brother, and James Dalton, a relative, were the sureties on his bond. It was supposed by all of them, that the amount due Hobby was about $2000, and they knew that the action of Schultz was pending against George P. Brown, and that he was not in a sound financial condition.
On that day, as Geo. P. Brown testifies, for the purpose of defeating or hindering Schultz in the collection of his claim, and to indemnify the said sureties, he executed and delivered to Dalton and L. W. Brown a deed for said premises, and he further testifies that they knew of his purpose, and received the deed with this understanding.
We are of the opinion, however, from the evidence, that it was not the actual purpose of the grantees to defraud Schultz, or any of the creditors of Geo. P. Brown; but that the deed was taken with the honest intention of securing themselves against their liability on the bond, as they had a right to do.
The deed so executed to them by Geo. P. Brown and wife on January 8, 1880, was absolute in form, and was for the nominal consideration of $2,000. But at the time of its execution, and as a part of the same transaction, and so understood by the parties, the said grantees executed and delivered to the. grantor, a written instrument, reciting the fact of their suretyship for him; that there was about $2000 due from him to Hobby, and that Brown and wife had conveyed their property to them in order to secure them from loss, and then agreeing that they would collect all rents for said premises, pay all taxes and assessments against the property, and would assume and pay the amount due to Hobby. They further agreed that if they should realize from the property in the way of rent, or by the sale thereof, more than enough to pay Hobby, that they would give to the said George P. Brown the entire surplus remaining, after the payment of all costs and expenses attending the rental and sale of the premises.
On September 20th, 1880, the said property was conveyed by said grantees to Hobby in payment of the debts due him from his late guardian. At the same time Geo. P. Brown, by an endorsement on the instrument which had been given to him by said Dalton and L. W. Brown, consented to said conveyance to Hobby, and released them from all liability to him *611 under the terms of the said contract; and on the same day Hobby gave George P. Brown a contract, by which he agreed to convey to Brown the property if within two years he should pay him the amount due him, viz.: $2616.64, with interest thereon. At the time of the conveyance to him, Hobby did not know of the secret agreement of January 3rd, 1880.
Chas. J. Hunt, and L. H. Pummill, for plaintiff.
Champion & Williams, for defendant.
On September 9th, 1881, Hobby, without thé consent of Geo. P. Brown, conveyed the property to L. W. Brown for the nominal consideration of $3000, but really for $2000, and L. W. Brown did not then know of the contract between Hobby and George P. Brown, The plaintiff had no knowledge of the contract of January 3rd, 1880, until shortly before the bringing of the action. On this state of fact, we think, the law is well settled.
First — -That an assignment or conveyance of property, by an insolvent person, in contemplation of insolvency, for the benifit of particular persons, with a secret trust in favor of the grantor, as one which secures to him a benefit before all his creditors are paid, is fraudulent and void as to such other creditors. Dickson v. Rawson, 5 Ohio St. 224. Laudenback v. Foster, 39 Ohio St. 203.
Second — When a conveyance is made to a grantee, which is actually or constructively fraudulent as to creditors, and the title thereto is conveyed by him to a bona fide purchaser, he takes a good title thereto. 1 Ohio, 469; Bump on Fraudulent Conveyances, 490.
Third — Where such bona fide purchaser reconveys to the original grantee, the latter occupies no better position than he originally did, and holds the property subject to the rights of those who were creditors of the fraudulent grantor, at the time of the original conveyance. Bispham’s Eq. sec. 265; Perry on Trusts, 830-222; Story’s Eq. sec. 1264.
It follows, then, that the conveyance by Geo. P. Brown to James Dalton and L. W. Brown, having been with a secret trust in favor of the grantor before the paymenf of his other creditors, of whom plaintiff was one, was as to such creditors fraudulent, and that L. W. Brown is not protected by his purchase from Hobby, even if he was a bona fide purchaser.